IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TIMOTHY J. BAILEY | § | |
| VS. | § | CIVIL ACTION NO.  1:22-CV-408 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Timothy J. Bailey, a prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA) against the United States of America.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he injured himself while he was confined at the Beaumont penitentiary on June 2, 2020.  Plaintiff states that he dislocated a joint and fractured a bone in his finger.  Plaintiff contends that the medical staff at the penitentiary provided him with he inadequate medical care for the injury.

Defendant's Motion to Dismiss

The government has moved to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  The government contends that Plaintiff's claims concerning his medical treatment should be dismissed for lack of subject matter jurisdiction

because all medical care at the prison is provided by an independent contractor, not government employees.

## Standard of Review

The district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (3rd Cir. 2004). However, in the context of an FTCA action, the court should not resolve disputed facts that are dispositive of both subject matter jurisdiction and the merits of the FTCA claim. *Id*. at 151.

## Analysis

The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019). The FTCA does not waive immunity as to claims against workers who are not government employees. *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010). Thus, the court lacks subject matter jurisdiction if the alleged wrongdoer is not a government employee. *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993).

The FTCA defines government employees as officers or employees of federal agencies, members of the military or naval forces, and persons acting on behalf of a federal agency in an official capacity. 28 U.S.C. § 2671. A contractor with the United States is not a government

employee for purposes of the FTCA. *Id.* A critical factor in distinguishing a government employee from a contractor is the power of the government to control the detailed physical performance of the work. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Peacock*, 597 F.3d at 659. Other factors, including the following, may demonstrate an employee relationship: (1) the work does not require a worker who is highly educated or skilled; (2) the work is typically done by an employee in the locale, rather than an independent contractor; (3) the employer supplies the tools, instrumentalities, or place of work; (4) the employment is for a considerable period of time with regular hours; (5) the method of payment is by the hour or month; (6) the work is full-time employment by one employer; (7) the work is part of the employer's regular business; and (8) the parties believe they have created an employment relationship. *Rodriguez v. Sarabyn*, 129 F.3d 760, 765 (5th Cir. 1997).

Plaintiff does not allege that the individuals who denied him medical treatment were employed by the Bureau of Prisons. To the contrary, medical care at the penitentiary is provided by an independent contractor, Wellpath. (ECF No. 27-2 at 2-4.) The Bureau of Prisons does not consider Wellpath employees to be employees of the Bureau of Prisons and does not provide any traditional employment benefits to Wellpath employees. Under the contract, Wellpath is paid a flat rate per day, per inmate. The contract requires Wellpath to provide health services at the prison and to coordinate off-site medical treatment as necessary. All medical decisions are made by Wellpath.

Because the medical staff is employed by Wellpath, not the Bureau of Prisons, the court lacks subject matter jurisdiction over Plaintiff's claim that he was denied medical treatment. *See Sampson v. United States*, 73 Fed. Appx. 48, 49 (5th Cir. 2003) (holding that the FTCA waiver of immunity does not extend to negligent acts of independent contractors). Therefore, this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Recommendation

The government's motion to dismiss for lack of jurisdiction should be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 31st day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge